UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ISMAHAN M., | Case No. 26-CV-1418 (NEB/DTS) |
| Petitioner, | |
| v. | |
| PAMELA BONDI, in her official capacity as Attorney General of the United States, KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; TODD M. LYONS, in her official capacity as Acting Director of United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in her official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; and JOEL BROTT, in her official capacity as Sheriff of Sherburne County | ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| Respondents. | |

---

This matter is before the Court on Petitioner Ismahan M.'s Petition for a Writ of Habeas Corpus. (ECF No. 6 ("Pet.").) Ismahan M. is a citizen of Somalia who has lived in the United States since December 2022, when she entered the United States without inspection. (*Id.* ¶ 19.) Shortly after crossing the border, Ismahan M. was detained and released on her own recognizance. (ECF No. 6-1.) She has no criminal record and she has complied with all conditions of her release. (Pet. ¶ 1.)

On December 31, 2025, Immigration and Customs Enforcement ("ICE") took Ismahan M. into custody without a warrant or any other documents explaining why she was being arrested. (*Id.* ¶¶ 1, 21.) She was held at the Whipple Federal Building for five hours before being transferred to Sherburne County Jail, where she is currently being held. (*Id.* ¶ 21.)

Afterwards, Ismahan M. filed a habeas action challenging her detention. United States District Judge Paul A. Magnuson denied the petition without prejudice, concluding that Ismahan M. was subject to Section 1225 of the Immigration and Nationality Act, which mandates detention. *Ismahan M. v. Bondi*, No. 26-cv-42, (D. Minn. Jan. 16, 2026), ECF No. 8.

Ismahan M. filed the present Petition, which asserts that Respondents violated her procedural due process rights, among other claims. Respondents move to dismiss the Petition based on Judge Magnuson's decision. (ECF No. 4.)

**I.    Motion to Dismiss**

Respondents reference—without citing legal authority or explaining their application—the doctrines of res judicata and law of the case. However, Judge Magnuson's dismissal was premised on statutory interpretation; he did not analyze the remaining claims before the Court, including Petitioner's procedural due process claim. The Court adjudicates the Petition on grounds not reached by Judge Magnuson, so the

2

law of the case does not apply. And Judge Magnuson dismissed the petition without prejudice, so res judicata does not apply. *Al-Saadoon v. Barr*, 973 F.3d 794, 801 (8th Cir. 2020) ("Generally speaking, a dismissal without prejudice means a dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." (quoting *Arangure v. Whitaker*, 911 F.3d 333, 347 (6th Cir. 2018))).

## II.     Due Process

The Fifth Amendment's Due Process Clause forbids the government to deprive any person of liberty without due process. U.S. Const. amend V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. David*, 533 U.S. 678, 690 (2001) (citation omitted). The Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

The three-part balancing test in *Mathews v. Eldridge*, 424 U.S. 319 (1976) controls the inquiry. The Court considers: (1) "the private interest that will be affected by the official action;" (2) the "risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the

3

fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

All three factors support Ismahan M.'s release. First, Ismahan M. has a liberty interest in remaining out of custody on her conditions of release. When the government decides to release someone from custody, they make an implicit promise that their liberty will be revoked only if she fails to follow her conditions of release. *See Young v. Harper*, 520 U.S. 143, 152 (1997) (concluding that someone on pre-parole conditional supervision has a liberty interest that entitled them to due process before re-incarceration); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (concluding the same for probation); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (concluding the same for parole).

Second, the risk of erroneous deprivation of that interest is high because Ismahan M.'s release on conditions was revoked without providing her with an opportunity to be heard. Without a hearing, neither the government nor Ismahan M. have an opportunity to ascertain whether there is a valid basis to detain Ismahan M. Immigration detention is permissible to prevent flight and protect against danger to the community. *Zadvydas*, 533 U.S. at 690. Respondents could vindicate those interests by providing a pre-deprivation hearing. Indeed, based on the evidence before the Court, Respondents may have difficulty justifying Ismahan M.'s detention. Respondents have already determined that Ismahan M.'s detention would not serve any purpose, which is why Respondents

4

released her on conditions. Ismahan M. has not violated her conditions, and her circumstances remain unchanged. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).

Third, Respondents' interest in detaining Petitioner without a hearing or opportunity to be heard is low. Respondents have not advanced any interest that would support arresting Ismahan M. without a hearing. Nor do Respondents assert that any conditions have changed that would warrant a reassessment of Ismahan M.'s risk of flight or dangerousness. All three *Mathews* factors support granting the Petition based on a violation of Ismahan M.'s right to due process.

The Court notes that Respondents do not make any argument concerning any *Mathews* factor. Respondents make a single argument concerning Ismahan M.'s due process claim—that the Court must reject Judge Magnuson's analysis to accept Ismahan M.'s due process claim. Not so. They are separate analyses: for the purpose of this analysis, the Court assumes that Section 1225 applies, and the Court's due process analysis does not refer to or depend on any statutory issue. In fact, many courts have concluded that due process requires granting similar habeas petitions even if Section 1225 applies. *E.g. Hassan v. Noem*, No. 26-CV-48, (W.D. Tex. Feb. 9, 2026), ECF No. 8, at 4, n.1;

5

*Cumbe Lema v. AndaYbarra*, 26-CV-249 (W.D. Tex. Feb. 9, 2026), ECF No. 7 at 2. Implicit in Respondents' argument is that a statute overrides constitutional guarantees. But statutes do not lower the constitutional bar.[1]

The Court thus concludes that due process requires Ismahan M.'s release. Ismahan M. requests immediate release, and Respondents make no argument that a bond hearing, as opposed to immediate release, is necessary. And a bond hearing would subvert "the purpose of a pre-detention hearing: if Petitioner is detained, [s]he will already have suffered the injury [s]he is now seeking to avoid." *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021); *see E.A. T.-B. v. Wamsley*, --- F. Supp. 3d --- , 2025 WL 2402130, at *6 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."). The Court orders Ismahan M.'s immediate release.

---

[1] To support their argument, Respondents point to *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024). Respondents appear to read *Banyee* to mean that where a statute authorizes detention, then no due process claim will lie. *Banyee* is inapplicable—it concluded that "[d]ue process imposes no time limit on detention pending deportation." *Id.* at 930. Ismahan M.'s Petition does not challenge the amount of time she has been detained, but rather initial validity of her re-detention without a hearing.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

    a. DECLARES that Petitioner's arrest and detention violates the Due Process Clause of the Fifth Amendment;

    b. ENJOINS Respondents from re-detaining Petitioner without a pre-deprivation hearing where the government bears the burden of justifying re-detention by clear and convincing evidence;

    c. ENJOINS Respondents from moving Petitioner outside of Minnesota prior to Petitioner's release. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return and release Petitioner in Minnesota;

    d. ORDERS that Respondents must **immediately release** Petitioner from custody in Minnesota subject to the conditions of Petitioner's December 24, 2022 Order of Release on Recognizance. Respondents must release Petitioner from custody in Minnesota as soon as

    practicable with coordination or at least two hours' advance notice to counsel, but not later than 24 hours after entry of this Order; and

  e. ORDERS that, within **four days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred.

2. Respondents' Motion to Dismiss (ECF No. 4) is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 20, 2026       BY THE COURT:  
Time:  9:33 p.m.         s/Nancy E. Brasel  
                 Nancy E. Brasel  
                 United States District Judge